### In re REALTY ASSOCIATES SECURITIES CORPORATION.

#### No. 45024.

District Court, E. D. New York.

Aug. 17, 1944.

Halpin & Keogh, of New York City, for trustees, for the motion.

Auchincloss, Alley & Duncan, of New York City, for debtor.

George Zolotar, of New York City, for Securities and Exchange Commission.

Percival E. Jackson, of New York City, for John Vanneck et al.

Lewis, Marks & Kanter, of Brooklyn, N. Y., Julius Silver, of New York City, and Herrick & Feinstein, of Brooklyn, N. Y., for Bondholders Directors Committee.

Newman & Bisco, of New York City, for Manufacturers Trust Co., Trustee under Indenture July 10, 1933.

James F. Dealy, of New York City, for Amalgamated Properties, Inc.

Irving L. Schanzer, of New York City, for Prudence Realization Corporation.

Root, Clark, Buckner & Ballantine, of New York City, for Consolidated Realty Corporation.

Charles J. Buchner, of Brooklyn, N. Y., for Mary C. O'Neill.

Lynn G. Goodnough, of Brooklyn, N. Y., for Realty Associates, Inc.

MOSCOWITZ, District Judge.

This is an application for an order disqualifying the members of the Bondholders Directors Committee from acting as a committee in this reorganization proceeding under Chapter X of the Bankruptcy

Act, 11 U.S.C.A. § 501 et seq. Among other grounds urged for disqualification are that the members of the committee, having served as directors of the debtor and having joined in the proposal of the debtor's voluntary plan previously submitted to bondholders, have developed a close affiliation with the debtor and are not in a position to give exclusive loyalty to bondholders.

Protective committees are highly desirable in a Chapter X proceeding. This Court has always recognized that and welcomes such committees, as they can be of considerable aid and assistance in a reorganization proceeding.

■ A bondholders (creditors) committee is a fiduciary for all bondholders and as such owes undivided loyalty, and allegiance to the bondholders, and to them alone.

■ No one has questioned seriously the control of the reorganization Court over protective committees in Chapter X reorganizations. The legislative history (Sen.Rep.No.1916, 75th Congress 3d Sess. (1938) 33), the statutory provisions (Bankruptcy Act, Sections 209–212 inclusive, 11 U.S.C.A. §§ 609–612), and the statements of the United States Supreme Court (Securities and Exchange Commission v. United States Realty & Improvement Co., 310 U.S. 434, 448–450, 60 S.Ct. 1044, 84 L.Ed. 1293) document the court's authority to scrutinize the authorizations of committees to act, and to take such reasonable measures as it may be advised will protect the interested parties.

■ In the present case the members of the committee in question are directors of the debtor who were elected by bondholders rather than by the stockholders. However, in their capacity as directors they owed a duty to act for all interests including the stockholders. They participated in establishing the debtor's business policies and in the formulation of a plan (prior to this Chapter X proceeding) promulgated by the debtor, for the extension of the maturity of the bond issue. As directors they urged bondholders to accept that plan.

Whether the policies or the plan were in the best interests of bondholders is not of particular moment in determining the propriety of these directors seeking to act as a bondholders' committee. It would seem sufficient disqualification that as directors they have been required to so far identify themselves with participation in the operations of the business of the debtor as to make them partisan on any issues which may arise as to the propriety of such operation. Moreover, as present directors of the debtor they continue to meet with the remaining directors and presumably will participate with such directors in the formulation of a plan of reorganization which may be suggested to the disinterested trustees by the debtor.

Stockholders may organize committees to represent them, just as creditors may organize in groups for class representation and protection; upon such organization the loyalties of such committees are clearly, defined and expressed. However, where as here, a group organizes presumably for the purpose of representing creditors exclusively, after having represented the debtor's interests at least partially during the past ten years, it is clear that such past relationship will give rise to conflicting loyalties, which these directors, concededly persons of ability and integrity, will be unable to reconcile.

Under all the circumstances it is evident that these directors are not qualified to act as a committee representing bondholders. This does not, however, disqualify them from participating in this proceeding on their own behalf as bondholders. Their knowledge of the debtor's affairs and their experience gained during ten years of operation of the business should not be disregarded and may prove helpful to the parties during the balance of this proceeding.

The motion to disqualify Bondholders Directors Committee is granted.